**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

MAY 2 3 2011

CLERK
ALEXANDRIA URT

Larry D. Mosley,                    )
    Plaintiff,                    )
                     )
v.                                        )     **1:09cv992 (LO/JFA)**
                     )
Gene M. Johnson, et al.,            )
    Defendants.                   )

### MEMORANDUM OPINION

Larry D. Mosley was a Virginia prisoner when he filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he suffered cruel and unusual punishment and was denied his right of access to the courts during his incarceration at Sussex II State Prison ("Sussex II"). The matter is now before the Court on the Motion for Summary Judgment of defendants Gene M. Johnson, Mr. Walrath, Ms. Massenburg, Ms. Hatch, and Ms. Rollins.

In his initial complaint, plaintiff alleged that his rights under the Eighth Amendment were violated by Sussex II's refusal to provide him with hygiene items. Essentially, plaintiff argued that the policy of the Virginia Department of Corrections ("VDOC"), as implemented at Sussex II, to withhold the totality of his inmate funds to satisfy his legal mail postage debt while simultaneously denying him indigent status for purposes of receiving personal hygiene items for over a year amounted to cruel and unusual punishment. By Order dated March 22, 2010, plaintiff was directed to particularize and amend his allegations, to state a claim for which § 1983 relief is available, and to explain the basis upon which he wished to sue each named defendant.

Plaintiff filed an amended complaint on April 26, 2010, Dkt. No. 7, and subsequently moved

1

for leave to add a second claim that the VDOC policy at issue also violated his right of access to the courts. Dkt. No. 8. By Order dated June 14, 2010, plaintiff's motion to amend to add a second claim was granted, the amended complaint was filed in forma pauperis. In the amended complaint, Mosley alleged in Count I that his rights under the Eighth Amendment were violated when the totality of his inmate funds were withheld to satisfy his legal mail postage debt while at the same time he was denied indigent status for the purpose of receiving hygiene items. In connection with that claim, Mosley alleged that defendant Hatch, a fiscal technician at Sussex II, held up his requests for indigent kits; defendants Massenburg and Walrath were responsible for denying him his indigent kits; and defendant Johnson, the former director of VDOC, was responsible for promulgating the operating procedure that allows an inmate's entire account balance to be deducted for repayment of a loan while he is denied indigent status for the purpose of receiving indigent hygiene kits. In Count II of the amended complaint, Mosley argued that defendant Rollins violated his right of access to the courts by not providing legal copies to Mosley without a court order, when Mosley's account balance had a debit of more than $50.00. Mosley also contended that Operating Procedure 802.2, which provides in pertinent part for indigent services to eligible offenders, is unconstitutional. For all of his claims, Mosley sought monetary damages. Also in the June 14 Order, plaintiff's claims against original defendants John M. Jabe, James R. Camache and David Robinson were dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1)[1] for failure to state a claim. Dkt. No. 11.

_____

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims

On July 2, 2010, the United States Postal Service returned to the Clerk plaintiff's copy of the June 14 Order, marked "refused, unable to forward." As it appeared that plaintiff no longer resided at the address he originally provided, the action was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) by Order dated July 8, 2010. Dkt. No. 16. Subsequently, however, waivers of service were returned executed as to all remaining defendants, who jointly moved for an extension of time to file responsive pleadings, and plaintiff filed a notice of change of address informing the Court that he had been released from incarceration and was situated at a "permanent" address in Lynchburg, Virginia. Accordingly, in the interest of justice, an Order reopening the case and granting defendants' motion for an extension of time was entered on November 2, 2010. Dkt. No. 21. On January 13, 2011, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 along with a supporting memorandum and exhibits, and provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has filed no response to defendant's summary judgment motion. For the reasons that follow, defendants' motion for summary judgment will be granted, and final judgment will be entered in their favor on both of plaintiff's claims.

## I. Background

Exhibits submitted by the defendants demonstrate that Mosley filed a number of informal complaints and grievances regarding his prison debt and his alleged inability to receive adequate hygiene items. However, Mosley did not pursue appeals of the unfavorable results he received.

---

or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

3

Specifically, on December 17, 2008, Mosley submitted a regular grievance stating that he had been deemed eligible for an indigent kit, but when he received it there was no soap inside. Mosley asked for and received a bar of soap, but when it was nearly gone he requested another indigent kit and was told that he could only receive one kit per month. Mosley complained that one bar of soap was insufficient to last a month and asserted that he should not be denied another kit. The grievance was returned because the time to file it had expired. Rollins Aff. ¶ 9, Enc. B.

On April 21, 2009, Mosley submitted an informal grievance stating that although all of the money he earned from his job went to Sussex II to pay his debt, he was not listed as an indigent and so could not receive the hygiene items to which he claimed constitutional entitlement. A fiscal technician replied that the debt had been incurred because Mosley had requested and was provided with loans for legal copies and postage, and that when he got paid the monies dues were deducted from his inmate account. Mosley was told to contact his supervisor to see if the supervisor could help him get an indigent kit. Rollins Aff. ¶ 10, Enc. C.

On April 27, 2009, Mosley submitted a regular grievance stating that because of his debt for postage and legal copies, he could not retain a $ 5.00 balance in his account, and he did not qualify for placement on the indigent list. Mosley stated that he had received an indigent kit on April 25, which was the first kit he had gotten since February. Mosley declared that he did not want to have to go back to begging for soap. Ms. Massenburg returned the grievance because the filing time had expired, and pointed out to Mosley that the same issue had been addressed in November and December of 2008 and January, 2009. Rollins Aff. ¶ 11, Enc. C.

On May 3, 2010, Mosley submitted an informal complaint stating that indigent kits had not been handed out in three weeks, and that he had only received three kits since December, 2009 and

4

was always running out of soap and toothpaste as a result. The following day, Mosley filed a regular grievance reasserting his allegations that he had not received an indigent kit every two weeks, as prescribed, and he declared that it was an ongoing struggle to try to get personal hygiene items. Mosley further alleged that he was being denied access to the grievance process for issues concerning his failure to receive indigent kits in April and May. Ms. Massenburg returned the grievance for insufficient information, and requested that Mosley list the dates when he should have received indigent kits, and to state the last date that he was provided with a kit. Rollins Aff. ¶ 12, Enc. D.

On May 6, 2010, Mosley submitted a regular grievance complaining that he did not receive an indigent kit on January 13, 2010. He stated that he did not know the specific dates he had been provided kits, but that he had received his last one on April 13, 2010. Ms. Massenburg returned the grievance for insufficient information, instructing Mosley to respond to her previous questions and to attach a copy of his informal complaint. Rollins Aff. ¶ 13, Enc. E.

Mosley filed his next regular grievance on May 12, 2010, alleging that it had been a month since he received his last indigent kit. He further stated that he had not been provided with kits on a regular basis and that he wanted to receive kits on a steady schedule so he would not run out of soap. Ms. Richards returned the grievance because the filing time had expired. Rollins Aff. ¶ 14, Enc. F.

The following day, Mosley submitted an additional regular grievance, alleging that he had received his last indigent kit on April 13 and that he should have received one on April 27. He pointed out that he had filed a grievance on May 5 concerning the situation, which was within the time allotted by the applicable rules. Ms. Richards returned the grievance on the finding that it was an impermissible request for services. Rollins Aff. ¶ 15, Enc. G.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Summary judgment in favor of defendants is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that, contrary to the Verified Statement he submitted early on in the litigation, Dkt. No. 10, Mosley failed to exhaust his administrative remedies as to his claims, so the claims are not federally cognizable.

Under the Prison Litigation Reform Act ("PLRA"), full exhaustion of administrative remedies is a mandatory prerequisite to an inmate's ability to bring a federal lawsuit regarding prison conditions. 42 U.S.C. § 1997(e);see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). In order fully to exhaust a claim, a prisoner must not only initiate a grievance, but also must appeal any denial of relief through all available levels of administrative appellate review. See Booth v. Churner, 532 U.S. 731 (2001). Moreover, each step in the administrative process must comply with applicable procedural rules and requirements. Woodford, 548 U.S. at 89. Courts have no discretion to dispense with the PLRA exhaustion requirement, Booth, 532 U.S. at 739, so an action must be dismissed when an inmate has failed to exhaust his claims before bringing a federal lawsuit. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005).

Here, as outlined above, Mosley filed a number of informal complaints and regular grievances concerning his failure to receive indigent hygiene kits, as alleged in Count I of the amended complaint. However, most of those grievances were not submitted in compliance with applicable VDOC procedural rules, and Mosley failed to pursue administrative appeals after his informal complaints and grievances were denied. Mosley filed no grievances addressed to the denial of access to the courts he alleges in Count II of the amended complaint. Therefore, Mosley has failed

7

to exhaust his administrative remedies with respect to Claims I and II of the amended complaint, and attendant defendants Walrath, Massenburg, Hatch and Rollins are entitled to the summary judgment they seek on Mosley's claims of cruel and unusual punishment and denial of access to the courts. Booth, 532 U.S. at 739; Anderson, 407 F.3d ay 680.

It appears that the administrative exhaustion requirement also applies to Mosley's claim against former VDOC Director Johnson that OP 802.2 is unconstitutional. The PLRA's exhaustion requirement has been held to apply to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the type of wrong they assert. Porter v. Nussle, 534 U.S. 516 (2002). The PLRA's mandatory exhaustion provision applies even if a prison grievance procedure is arguably futile and inadequate. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (holding that a prisoner was required to administratively exhaust his claim challenging the constitutionality of federal legislation restricting prisoners' access to sexually explicit magazines, and noting that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA."). As Mosley never pursued administrative remedies with respect to his claim that OP 802.2 is unconstitutional, that claim like his others is not federally cognizable.

Moreover, even had Mosley's constitutional challenge to OP 802.2 been exhausted, it is patently without merit. OP 802.2, "Offender Finances," provides for indigent services such as personal hygiene items and legal correspondence materials to be provided to eligible offenders. When an inmate is unable to pay for copies in response to a court order, copies are provided to him and his inmate account is debited. Once the inmate's account debit exceeds $50 for photocopies, he must present a court order instructing the facility to provide him additional photocopying service

8

loans. OP 802.2 - IV(A)(7). An indigent offender is defined in subsection III of OP 802.2 as an inmate with no more than $ 5.00 in his account for discretionary spending in a calendar month and who has no job or other source of income. However, subsection IV(E)(2) states in relevant part that repayment of loans and other charges against an offender's account will be paid up to the total balance in the offender's spend account, if equal to or less than the fee or charge. When legal mail postage is assessed against an offender, all funds in his spend account may be used to pay for the postage. OP 802.2 - IV(E)(3). If an inmate is left with less than $ 5.00 for discretionary spending left in his account after loans against the account have been debited, he is eligible to apply for an receive indigent services. Contrary to Mosley's belief, OP 802.2 does not permit VDOC to deduct an offender's entire account balance to repay loans while at the same time denying him hygiene items. Jabe Aff. ¶ 8.

The Supreme Court recognizes that "courts are ill equipped to deal with the increasingly urgent problems of prison administration." Procunier v. Martinez, 416 U.S. 396, 405 (1974). Thus, courts "must afford deference to the officials who run a prison, overseeing and coordinating its many aspects, including security, discipline, and general administration." Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir. 2006). So long as a prison regulation is reasonably related to legitimate penological interests, it will not be deemed to offend constitutional principles. Id. at 200, quoting Turner v. Safley, 482 U.S. 78, 89- 92 (1987). The burden of establishing that a prison regulation is unconstitutional lies with the plaintiff. Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir. 1993).

Here, defendants argue that OP 802.2 as it relates to withholding the balance of an inmate's trust account to satisfy his debt incurred for legal mail postage and copies is reasonably related to legitimate penological interests pursuant to the factors enumerated in Turner, 482 U.S. at 89 - 92.

9

Defendants explain that in the past, offenders accumulated loans for copies for hundreds of dollars, and there was no way to determine if the copies were necessary because VDOC policy prohibits institutional personnel from reading documents identified by inmates as legal material. The $50 cap on loans for legal copies, which is equivalent to 200 pages, was determined to be a reasonable amount of credit to extend to each inmate to curtail such abuses. Jabe Aff. ¶ 10. Plaintiff has filed nothing to dispute or contradict defendants' explanation of the policy served by OP 802.2. Accordingly, he has failed to carry his burden to demonstrate that OP 802.2 is unconstitutional, Hause, 993 F.2d at 1082, and his claim accordingly fails.

## IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted, and summary judgment will be entered in their favor. An appropriate Order and Judgment shall issue.

Entered this _23rd_ day of _May_ 2011.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

10